**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| **DEVIN JONES**, *et al.*, | * | |
| | * | |
| Plaintiffs, | * | |
| v. | * | Civil Case No. SAG-17-1447 |
| | * | |
| **FIDELITY RESOURCES, INC.**, | * | |
| | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Devin Jones, with other plaintiffs (collectively, "Plaintiffs"), filed this collective action and class action against Fidelity Resources, Inc. ("Fidelity"), alleging that Fidelity, a home healthcare service provider, violated the Fair Labor Standards Act ("FLSA") and various state wage payment statutes, by failing to pay overtime wages to its caregivers. ECF 1. The case had been scheduled for jury trial to commence on May 4, 2020, but the trial has been indefinitely postponed as a result of the COVID-19 pandemic and the resulting effects on the court system. *See* ECF 119. Currently, three motions are ripe for disposition: Fidelity's Motion for Acceptance of Untimely Opt-Outs, ECF 106, Plaintiffs' Motion for Leave to File Amended Complaint, ECF 108, and Fidelity's Motion to Dismiss Counts II and III for Lack of Jurisdiction, ECF 111. Oppositions and replies have been filed with respect to each motion. ECF 110, 112, 114, 115, 116, 120. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons that follow, Plaintiffs' Motion for Leave to Amend and Fidelity's Motion to Dismiss will be denied. Fidelity's Motion to Accept Untimely Opt-Outs will be granted, to the extent that the Court will order a supplemental corrective Notice to be sent to the class members in question, with a limited additional opt-out window allowed for those individuals.

**I.     PROCEDURAL BACKGROUND**

The facts underlying Plaintiffs' wage claims are not pertinent to the pending motions, but the procedural history of the case is important. Plaintiffs' Complaint was filed nearly three years ago, on May 25, 2017. ECF 1. The deadline for moving for joinder of additional parties and amendment of pleadings was October 2, 2017. ECF 12 at 2. On February 1, 2018, United States District Judge Richard D. Bennett issued a Memorandum Opinion and Order conditionally certifying a collective action under 29 U.S.C. § 216(b) of the FLSA. ECF 24, 25. On March 1, 2018, Judge Bennett approved notice to be sent to the potential members of the collective action, which instructed them that their options were to "do nothing" and be excluded from the class, or to complete and return an "opt-in" form to participate in the litigation. ECF 32 at 2. The "opt-in" notice was sent to 192 putative class members. ECF 72-1 at 3 (explaining that notice was sent to 192 individuals that worked as caregivers for Defendant). Twenty-four persons opted in, although four subsequently withdrew from the lawsuit. ECF 33–ECF 55, ECF 71.

On August 2, 2018, Plaintiffs filed a "Motion for an Emergency Hearing, Protective Order and Other Relief," which alleged that Fidelity's corporate agent, Christiana Oparah ("Oparah") had been altering employment records and threatening potential class members with retaliation if they chose to join the lawsuit. ECF 56-1. Specifically, the filing alleged retaliation against an opt-in class member, Terry Pittman, stating that Pittman had received threatening calls and had been terminated from Fidelity after joining the suit. *Id.* at 3. Judge Bennett held a hearing on September 11, 2018. ECF 66. At the hearing, another opt-in class member, Shanel Lightner, also testified about what she believed to be retaliatory conduct by Oparah and Fidelity. *See* ECF 116 at 4 ("It cannot be denied that there was a hearing wherein two plaintiffs (Terry Pittman and Shanel

Lightner) testified in open court regarding Defendant's retaliatory conduct."). At the conclusion of the hearing, Plaintiffs' counsel withdrew the motion. ECF 65.

Discovery concluded on October 10, 2018. ECF 60. On October 29, 2018, Plaintiffs filed a Motion for Class Certification, seeking to certify a class action with respect to their claims under the Maryland Wage and Hour Law ("MWHL"). ECF 72. Over Fidelity's opposition that the potential class members had already effectively decided not to be part of the lawsuit by declining to opt in to the FLSA collective action, Judge Bennett certified the class under Federal Rule of Civil Procedure 23, which requires plaintiffs to "opt-out" in order to be excluded from the class. ECF 89, 90. In the same time frame, Fidelity filed a Motion to Dismiss Counts II and III of Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6). ECF 76. In that motion, Fidelity argued in relevant part that, under a 1970 opinion by Maryland's then-Attorney General, Plaintiffs would be unable to recover under the MWHL, because it could not provide benefits higher than those provided by the FLSA. ECF 76-1 at 5-10. Judge Bennett rejected the argument, concluding that "Plaintiffs May Simultaneously Pursue Claims Under the FLSA and Maryland State Law." ECF 89 at 12. He further opined that Fidelity's "unprecedented interpretation of the MWHL would upend years of jurisprudence and severely limit workers' ability to pursue their state rights." *Id.* at 14.

The case was transferred to United States District Judge Stephanie A. Gallagher (hereinafter "this Court") on September 18, 2019. On October 3, 2019, this Court approved a consent notice to be sent to potential class members (the same 192 individuals who had received the opt-in notice more than eighteen months earlier). ECF 93-1. The new notice stated, "You have been included as a participant in the class. To continue to participate, you do not need to do anything at this time. You are automatically a member of the state law Class unless you choose to

exclude yourself by 'opting-out.'" *Id.* at 2. An "opt-out" form was attached for class members to send back if they wished to exclude themselves from the lawsuit. *Id.* at 4. Under this procedure, 29 individuals submitted timely opt-out forms. ECF 106-2 (Ex. 1).

However, according to Fidelity, after the opt-out deadline, at least thirty class members ("Disputed Class Members") informed Oparah, Fidelity's President, that they did not want to be part of the class action. ECF 106-3 (Ex. 2). According to Oparah, the Disputed Class Members informed her that they had assumed, based on the language in the original opt-in notice, that if they did nothing in response to the opt-out notice, they would "never be participants in this action." *Id.* In response, Plaintiffs objected to Oparah's *ex parte* communications with class members in a February, 2020 email. ECF 110-3. Additionally, Plaintiffs have submitted a declaration from an anonymous Disputed Class Member, who contacted Plaintiffs' Counsel to report that she had not told Oparah she did not want to participate, and had been subject to repeated acts of harassment and intimidation. ECF 110-4.

**I.   PLAINTIFFS' MOTION TO AMEND THE COMPLAINT**

Plaintiffs seek leave to amend their Complaint, in relevant part, to include a new claim for retaliation in violation of the FLSA. ECF 108. Federal Rule of Civil Procedure 15(a)(2) governs amendment of pleadings, and instructs that leave to amend "shall be freely given when justice so requires." *See also Laber v. Harvey,* 438 F.3d 404, 425 (4th Cir. 2016) (noting that liberal allowance of pleading "gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities."). Nevertheless, pertinent here, amendment can be denied where it prejudices the opposing party. *Laber,* 438 F.3d at 426-27. Prejudice is "often determined by the nature of the amendment and its timing." *Id.* at 427. An amendment can cause undue prejudice when it "raises a new legal theory that would require the gathering and analysis

of facts not already considered by the opposing party [and] . . . the amendment is offered shortly before or during trial." *Johnson v. Oroweat Foods Co.,* 785 F.2d 503, 510 (4th Cir. 1986) (citations omitted).

The prejudice that would accrue to Fidelity if this amendment were granted is evident. Although the trial has had to be postponed for reasons unrelated to the merits of this case, the case has been pending for nearly three years, and is ready for trial at the Court's earliest convenience. Fidelity has had no discovery on the new retaliation allegations (although it did have the opportunity to question Pittman and Lightner at the evidentiary hearing in 2018). Certainly, no discovery has taken place with respect to the more recent anonymous allegations made by the state law class member. Absent a reopening of discovery, resulting in yet another postponement to the long-awaited trial of this matter, Fidelity would suffer extreme prejudice from defending the retaliation claims without an appropriate opportunity to investigate the underlying facts.

In addition, in this case, the question of whether Plaintiffs' amendment is appropriate highlights the occasional tension between two Federal Rules of Civil Procedure. Although Rule 15(a)(2) advocates that the Court should "freely" give leave to amend, Rule 16(b)(4) dictates that a scheduling order set by the Court "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also Nourison Rug Corp. v. Parvizian,* 535 F.3d 295, 298 (4th Cir. 2008).

In *Nourison,* like in the instant case, a party sought amendment of its pleading after the expiration of the deadline in the scheduling order. *Id.* at 297. The Fourth Circuit noted that, "Given their heavy case loads, district courts require the effective case management tools provided by Rule 16." *Id.* at 298. Accordingly, the Fourth Circuit explained that the party seeking to modify the scheduling order must meet the good cause requirement of Rule 16(b)(4), before considering

the standard for amendment of a pleading in Rule 15(a)(2). *Id.* ("[A]fter the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings."); *see also Cook v. Howard,* 484 F. App'x. 805, 814-15 (4th Cir. 2012) ("[U]nder Rule 16(b)(4), a party must first demonstrate 'good cause' to modify the scheduling order deadlines, before also satisfying the Rule 15(a)(2) standard for amendment.")  To establish good cause, the party seeking to amend the scheduling order must "show that the deadlines cannot reasonably be met despite the party's diligence,' and whatever other factors are also considered, 'the good-cause standard will not be satisfied if the [district] court concludes that the party seeking relief (or that party's attorney) has not acted diligently in compliance with the schedule.'" *Cook,* 484 F. App'x at 815 (quoting 6A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1522.2 (3d ed. 2010)).

In *Nourison*, the district court rejected the defendant's motion to amend his Answer, where he first raised the new defense in opposition to a motion for summary judgment. 535 F.3d at 297. The Fourth Circuit affirmed the ruling, and found that counsel had failed to demonstrate good cause. *Id.* at 299. Here, Plaintiffs seek amendment of their Complaint roughly eighteen months after the October, 2018 discovery deadline. *See* ECF 60. The alleged acts of retaliation against the FLSA class members, Pittman and Lightner, however, occurred in the early months of 2018, before the expiration of the discovery deadline. See ECF 108-2 ¶¶ 137-140.  Accordingly, Plaintiffs have not established good cause for their failure to add the FLSA retaliation counts in 2018, close to the time of the alleged retaliation against the FLSA opt-in class members.

Plaintiffs suggest that the more recent improper acts they have alleged, with respect to the opt-out forms for the state law class action, provided the impetus for their motion for leave to amend.  ECF 116 at 7 ("Plaintiffs filed their Motion to Amend close-in-time to when the alleged

retaliatory conduct occurred."). However, Plaintiffs provide no authority for the notion that alleged improper conduct towards members of a Rule 23 state law class action can provide a basis for an FLSA retaliation claim. *Laber,* 438 F.3d at 427 (explaining that courts may reject "futile" amendments). Even if such a claim were viable, there is no good cause to support the delayed assertion of the retaliation claim in this matter. In light of that fact, and the prejudice that would accrue to Fidelity if leave to amend were granted, Plaintiffs' motion will be denied.

## II.     FIDELITY'S MOTION TO DISMISS COUNTS II AND III

Fidelity's own attempt to drastically alter the landscape of this case on the eve of trial meets no greater success. On March 30, 2020, just weeks before the scheduled trial, Fidelity filed its Motion to Dismiss Counts II and III of the Complaint for lack of subject matter jurisdiction. ECF 111. Essentially, Fidelity contends that this Court should decline to exercise supplemental jurisdiction over Plaintiffs' two state law claims, because the claims "raise[] a novel or complex issue of State law under 18 U.S.C. § 1367(c). ECF 111 at 1–2. Once again, Plaintiffs base their contention on the 1970 opinion from Maryland's Attorney General ("AG Opinion"), which addressed the interplay between the FLSA and the MWHL. *Id.*

Essentially, Fidelity's motion asks this Court to reconsider Judge Bennett's decision in 2019, which denied Fidelity's earlier Motion to Dismiss the two state law claims. ECF 89. Although the issue was not framed to Judge Bennett as one of supplemental jurisdiction and an issue of the concurrent application of the FLSA and the MHWL under state law, the same basic contention was raised: that the AG Opinion establishes that a Plaintiff cannot sustain claims under both the FLSA and the MWHL. As noted above, Judge Bennett deemed the AG Opinion "non-binding" and "inconsistent with highly persuasive, unanimous precedent issued by this Court and other state and federal courts." ECF 89 at 16. Without reaching the merits of Fidelity's argument,

this Court declines to reconsider an opinion issued in this case by Judge Bennett eight months ago, where such reconsideration, in the form of a slight modification to the presentation of the question, was not sought until weeks before the scheduled trial. *See United States v. Lentz*, 524 F.3d 501, 528 (4th Cir. 2008) (explaining that law of the case doctrine applies both to questions actually decided as well as to those decided by necessary implication). This Court therefore will not exercise its discretion to decline supplemental jurisdiction over the state law claims that have been an integral part of this case for the past three years.

### III.   FIDELITY'S MOTION TO PERMIT LATE OPT-OUTS

The issue presented in the remaining motion involves a significant factual dispute between the parties: are there twenty-five class members who were confused by the two seemingly contradictory notices sent eighteen months apart, and who accordingly missed their opportunity to opt out of the litigation, or is Fidelity engaged in improper *ex parte* communications with class members endeavoring to suppress their participation?

Clearly, *ex parte* communications of the sort alleged by Plaintiffs undermine the purpose of Rule 23 and would warrant invalidation of the potential opt-outs by the Disputed Class Members. *See Gulf Oil Co. v. Bernard,* 452 U.S. 89, 99-100 (1981) ("Because of the potential for abuse, a district court has both the duty and the broad authority to exercise control over a class action"). However, on the current record, the Court is left only with allegations made by one class member, who insists on remaining anonymous. This Court would be unable to make the significant finding required to invalidate a litigant's decision to opt out on the basis of anonymous allegations that were not subject to appropriate discovery and cross-examination.

In the Court's view, then, the best way to balance the interests of both parties is to send a corrective notice, more clearly explaining the case's posture to the Disputed Class Members. *See,*

*e.g.*, *Randolph v. PowerComm*, 41 F. Supp. 3d 461 (D. Md. 2014). The Court's proposed corrective notice and opt-out form is attached as Exhibit 1 to this Memorandum Opinion. It contains a clear explanation of the differences between the two prior notices the Disputed Class Members received, and explicit directions for the exercise of their decisionmaking, in addition to an express notice that no party or person involved in the case should contact them about their decision. The Disputed Class Members will be afforded a thirty-day window to submit the opt out forms if they desire to do so, and the Court has added a mechanism for them to express their intent to opt out telephonically if the current pandemic leaves any class member without access to first class mail, fax, or email.

## IV. CONCLUSION

For the reasons set forth above, Fidelity's Motion for Acceptance of Untimely Opt Outs, ECF 106, will be GRANTED, to the extent that a Court-approved corrective notice will be sent promptly to the Disputed Class Members, and they will be afforded thirty days from the date of the notice to opt out if desired. The parties will have seven days from the date of this Memorandum Opinion and accompanying Order to confer about the Court's proposed corrective notice and to file a joint submission with any suggested changes. Plaintiffs' Motion for Leave to File an Amended Complaint, ECF 108, and Defendant's Motion to Dismiss for Lack of Jurisdiction, ECF 111, will be DENIED. This case will be reset for trial at the earliest possible date, once the new, abbreviated opt out period has expired. A separate Order follows.

Dated: May 4, 2020
/s/
Stephanie A. Gallagher
United States District Judge